JACOB MORRISON and SAMUEL MASHKOWITZ, Appellants, *v.* MAX SHEINBAUM, Respondent, Impleaded with RACHEL MONDSHAIN, as Administratrix, etc., of DAVID MONDSHAIN, Deceased, Defendant.

First Department, November 5, 1920.

Debtor and creditor — equity — suit to compel assignee of judgment debtor to account and to set aside release given by administratrix of judgment debtor — parties — when administratrix not necessary party plaintiff — complaint stating single cause of action in equity or under Personal Property Law, section 19.

In a suit in equity brought by a judgment creditor to compel an accounting by an assignee of the judgment debtor, since deceased, for moneys which it is alleged were given to the assignee without consideration and with an intent to defraud creditors, and also to set aside a release given to said assignee by the administratrix of the judgment debtor which it is alleged was executed for an inadequate consideration and was induced by the fraud of the assignee, the administratrix is not a necessary party plaintiff where she has not disavowed the release; on the contrary, she is a proper party defendant even if not charged with being a party to the fraud, for the release executed by her is attacked.

Complaint in such action examined, and *held*, to state but a single cause of action, and hence was not open to attack upon the ground that causes of action have been improperly united.

*Held further*, that the complaint stated a good cause of action whether it be considered as one arising under the provisions of section 19 of the Personal Property Law or under the general head of equity jurisdiction.

APPEAL by the plaintiffs, Jacob Morrison and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of April, 1920, denying plaintiffs' motion for judgment on the pleadings, as against the defendant Max Sheinbaum.

*Gustavus A. Rogers* of counsel [*Harry Rotkowitz* with him on the brief], *Rogers & Rogers*, attorneys, for the appellants.

*Arthur L. Ross*, for the respondent.

DOWLING, J.:

The complaint herein sets forth the following facts: Plaintiffs, who are copartners doing business under the firm name of Morrison & Mashkowitz, on December 18, 1907, recovered a judgment in the Supreme Court, New York county, in the sum of $4,711.35 against David Mondshain. Execution was issued thereupon to the sheriff of New York county, which was returned unsatisfied, and the judgment still remains unpaid and valid. Mondshain delivered to the defendant Max Sheinbaum cash, or its equivalent, amounting to approximately $4,000, which belonged to the former and in which the latter had no interest or claim, which delivery was in violation of the rights and remedies of the plaintiffs as judgment creditors of Mondshain, and in fraud thereof, and which was an attempt to conceal from plaintiffs said assets, which if not delivered to Sheinbaum would have been used and applied for the payment of plaintiffs' claim. Mondshain died on June 23, 1917, intestate, and defendant Rachel Mondshain, his widow, was appointed administratrix of his estate by the Surrogate's Court, New York county, on July 30, 1917. Plaintiffs are the sole creditors of his estate. After her appointment, the administratrix, for the totally inadequate consideration of $400, executed a general release under seal to the defendant Sheinbaum which is set forth at length in the complaint and bearing date August 9, 1917. Rachel Mondshain, as administratrix gave bond in the sum of $500, and is financially irresponsible. It is further alleged that at the time of the death of David Mondshain, the defendant Sheinbaum knew that plaintiffs had a judgment against Mondshain

which was still outstanding and unsatisfied and that by reason of the acts and conduct of both defendants, plaintiffs are deprived of any remedy in the Surrogate's Court, and have no redress save by the intervention of a court of equity and have no adequate remedy at law. It is then charged: " That the release aforesaid was obtained by the defendant Max Sheinbaum from the defendant Rachel Mondshain by the false and fraudulent representations on the part of the defendant Max Sheinbaum, that the entire estate which was left by the decedent David Mondshain with him, and that the entire amount of money which passed from the deceased to him, did not exceed the sum of $400."

It is further set forth that David Mondshain left no other assets of any substantial value except the moneys transferred by him to Sheinbaum, which transfer was under an arrangement that the said moneys should be returned to him upon demand.

The relief demanded in the complaint is a judgment against the defendant Max Sheinbaum as follows:

" *First.* To account to the plaintiffs for any and all sums of money which have come into his hands from the deceased, David Mondshain.

" *Second.* That the plaintiffs have judgment up to the amounts that have come into the hands of defendant Max Sheinbaum from David Mondshain sufficient to satisfy the judgment of the plaintiffs against the said David Mondshain.

" *Third.* That if it be necessary to afford relief to the plaintiffs, that the release executed by the defendant Rachel Mondshain, as administratrix, to the defendant Max Sheinbaum, on or about the 9th day of August, 1917, be set aside, cancelled, declared void and of no effect.

" *Fourth.* That the plaintiffs have any other and further relief that may seem proper to this Court.

" *Fifth.* That the plaintiffs have the costs and disbursements of this action."

To this complaint the defendant Sheinbaum demurred upon three grounds: (1) That there is a defect of parties plaintiff in that Rachel Mondshain, as administratrix, is not a party plaintiff as she should be since part of the relief demanded is that a release executed by her be canceled and declared void;

(2) that causes of action have been improperly united, to wit, (a) an action to set aside the conveyance made by David Mondshain and (b) an action to cancel and annul the general release executed by Rachel Mondshain, as administratrix, to the defendant Sheinbaum; (3) that the complaint does not state facts sufficient to constitute a cause of action.

As to the first objection, it is answered by the fact that as the administratrix is not alleged to have disavowed the release which plaintiffs claim was procured from her by fraud, and which is an apparent bar to their right to relief, she is a proper party defendant, even where she is not charged to have been a party to the fraud, where it is sought to have the release executed by her canceled as an incident to the principal relief sought by plaintiffs. As an instrument executed by her is attacked, it is proper that she be made a party defendant.

As to the second objection, there is but a single cause of action here and that is a judgment creditors' action to set aside a transfer of property made in fraud of their rights by the judgment debtor, brought against the transferee, who participated in the fraud and had knowledge of the creditors' rights. The cancellation of the release is but incidental to the main relief sought.

As to the third objection, a good cause of action is set forth, whether it be treated as one arising under the provisions of section 19 of the Personal Property Law or under the general head of equity jurisdiction.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings against the defendant Sheinbaum granted, with ten dollars costs, with leave to defendant to answer within twenty days on payment of said costs.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for judgment on the pleadings against respondent granted, with ten dollars costs, with leave to respondent to answer on payment of costs.